## SHEEAN v. SHAW ET AL.

1. **Tax Sale:** CO-TENANT: PURCHASE. Facts considered which were held not to establish a co-tenancy by the tax purchaser in land sold for delinquent taxes.

*Appeal from Jones District Court.*

WEDNESDAY, DECEMBER 12.

ACTION in equity to cancel certain deeds to forty acres of land, and to quiet title in the plaintiff. The defendant, Wm. L. Shaw,

claims title by virtue of a tax deed made in pursuance of a sale for the taxes of 1867. The defendant, F. D. Weaver, claims title by virtue of a tax deed made in pursuance of a sale for the taxes of 1869. Other facts are stated in the opinion. Decree for defendants. Plaintiff appeals.

*Sheean & McCarn*, for appellant.

*E. Keeler*, for appellee.

ADAMS, J.—If either of the tax deeds is valid the plaintiff is not entitled to relief, and the judgment of the court below 1. TAX SALE: must be affirmed. While the transactions attend-
c o-t e n ant:
purchase.  ing the purchase at the tax sales afford ground for grave suspicion, we do not think that the evidence is such as to justify us in setting aside the tax deeds, and especially the deed to F. D. Weaver.

The plaintiff claims that it should be set aside because, as he alleges, the title to one-sixth of the land was at the time of the sale in one Devolson Weaver, the father of F. D. Weaver, and that the sale was, in fact, made to Devolson Weaver. The plaintiff maintains as a proposition of law that a tenant in common of real estate cannot acquire by a tax deed the title to the interest of a co-tenant. The legal proposition may be conceded, but the facts upon which it is predicated do not seem to be established by the evidence. As to the title to a sixth interest it does appear that Devolson Weaver held it at one time. But, previous to the tax sale, he executed a quit-claim deed of his interest to one Mott. This deed, however, the plaintiff alleges was made to convey the property·in trust to Mott for said Devolson. The circumstances upon which the plaintiff relies to impeach the deed as an absolute conveyance are that, while it purports to have been made in 1868, it was not recorded until 1870; that the grantor wrote the deed, but cannot state when or where; that the grantor had a wife, and the parties all lived in Jones county, Iowa, near each other, yet the wife did not join in the deed; that Mott and the grantor were on friendly and intimate business relations with each other, yet the grantor after the conveyance proceeded to acquire a tax title to the

property in the name of his son; that the land was remote from Jones county, to-wit: in Harrison county, and that the purchase of the property at tax sale, by the grantor, appears to have been an exceptional transaction by him, so far as purchasing in the county is concerned; that Mott does not appear to have paid any taxes upon the land.

It cannot be denied that these circumstances are calculated to throw suspicion upon the conveyance, and yet we do not think that they are such as to justify us in holding that it was made in trust. It does not appear, therefore, that Devolson Weaver had any interest in the property at the time he purchased the same in the name of his son.

One other position taken by the plaintiff remains to be considered. After the execution of the tax deed to F. D. Weaver the plaintiff obtained a decree against Devolson Weaver, cutting off all his interest in the land in question. The plaintiff claims that Devolson Weaver was the real owner of the tax title at that time, and consequently that the tax title was divested by the decree. The circumstances upon which he relies as showing that Devolson Weaver was the real owner of the tax title are, that F. D. Weaver was a boy about ten years old; that the business was all transacted by Devolson Weaver; that nearly three years after the tax sale, and before the execution of the deed to F. D. Weaver, Devolson wrote a letter to the county treasurer of Harrison county which is inconsistent with the idea that F. D. Weaver was the real owner of the tax certificate.

There is evidence, however, tending to show that the money used in making the purchase was the money of F. D. Weaver. As to the letter of Devolson Weaver to the county treasurer, upon which the plaintiff seems to rely, it should be observed that it cannot properly be claimed that in this action to divest F. D. Weaver of the title anything which his father, although his agent at the sale, said nearly three years after the sale should affect him.

We are of the opinion that the deed to F. D. Weaver cannot be set aside. Such being our view, it is not necessary to consider the title claimed by the defendant Shaw.

AFFIRMED.